IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| OPAL R. TOWNSEND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04-0251-CV-W-DW |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Plaintiff Opal R. Townsend seeks judicial review on her application for supplemental security income (SSI) benefits made under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 et seq. Plaintiff also subsequently applied for Supplemental Security Income benefits (SSI) under Title XVI of the Act, 42 U.S.C. §1381 et. seq. That application was consolidated with Plaintiff's application for Title II benefits. Judicial review of Title XVI claims is now appropriate. See 42 U.S.C. §1383(c)(3).

The complete facts and arguments are presented in parties' briefs, and consequently will be duplicated herein only to the extent necessary.

After examining the entire record, the Court AFFIRMS the Commissioner's decision for the reasons set forth below.

I.     Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by

1

substantial evidence on the record as a whole. 42 U.S.C. §1383(c)(3); Warburton v. Apfel, 188 F.3d 1047, 1050 (8th Cir. 1999). The review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision. Pierce v. Apfel, 173 F.3d 704, 706 (6th Cir. 1999). The Court also considers whatever in the record fairly detracts from its weight. Id. Resolution of factual conflicts, however, is not for the Court to decide; the ALJ's decision must be upheld if it is supported by substantial evidence. Harwood v. Apfel, 186 F.3d 1039, 1042 (8th Cir. 1999). Consequently, an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. Gwathney v. Chater, 104 F.3d 1043, 1045 (8th Cir. 1997). Even if the Court would have weighed the evidence differently, it must affirm the denial of benefits if there is enough evidence to support the other side. Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992).

Plaintiff argues (1) the ALJ did not properly evaluate Plaintiff's subjective complaints; (2) the ALJ's residual functional capacity finding did not reflect agreement with treating physical opinions; and (3) the ALJ did not properly determine that Plaintiff could perform "other" work. The Court will address these arguments in turn.

II.     Analysis

    A.     The ALJ properly evaluated Plaintiff's subjective complaints

Plaintiff argues that the ALJ did not comply with Judge Sach's Order in regards to the evaluation of Plaintiff's subjective complaints. See Pl.'s Br. at 24-25.

The burden of deciding the credibility of a plaintiff's subjective testimony rests with the Commissioner. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The standard for the evaluation of pain and other subjective complaints is set by a six factor test in Polaski v. Heckler,

739 F.2d 1320 (8th Cir. 1984).[1]

Plaintiff specifically argues that the ALJ did not properly consider Plaintiff's earnings history. See Pl.'s Br. at 24. However, the ALJ did not find that Plaintiff's prior work history diminished her credibility. Rather, he only discussed her sporadic work history and then-current pary time work. Tr. 509. Further, the ALJ explicitly stated in the hearing that Plaintiff's prior work history did not affect her credibility. Tr. 891.

Contrary to the Plaintiff's assertions, the ALJ addressed Plaintiff's alleged need to lie down. See Pl.'s Br. at 25; Memorandum and Order at 7-78 (Tr. 541-42). The ALJ clearly addressed this issue at the hearing, specifically noting:

> "one of the issues in this remand was the issue of sleep and I don't think we adequately addressed that either one of us...But since this lady can work 16 hour days four days four months a year between two and four and sometime more than that – and you can rebut this in your closing statements. Her insomnia that she talked about I don't think is a material factor in her inability to work." Tr. 930-31.

This Court finds that the ALJ's consideration of the subjective aspects of Plaintiff's complaints was consistent with the relevant framework. See Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). The ALJ clearly articulated inconsistences on which relief in discrediting Plaintiff's subjective complaints, thus, the ALJ's credibility finding is affirmed.

---

[1] In Polaski, the Eighth Circuit set forth factors the Commissioner must consider in evaluating subjective complaints: (1) the objective medical evidence; (2) the subjective evidence of the duration, frequency, and intensity of plaintiff's pain; (3) any precipitating or aggravating factors; (4) the claimant's daily activities; (5) the dosage, effectiveness and side effects of any medication; and (6) the claimant's functional restrictions. Polaski v. Heckler, 739 F.2d at 1322. The ALJ need not discuss each Polaski factor methodically as long as the factors are acknowledged and considered. Brown v. Charter, 87 F.3d 963, 966 (8th Cir. 1996).

3

B. <u>ALJ's residual functional capacity finding reflected agreement with treating physical opinions</u>

Plaintiff also argues that the ALJ erred in according inadequate weight to Plaintiff's treating physician, Dr. Abrams.

In evaluating a claim for disability, an ALJ gives substantial weight to a treating physician unless it is unsupported by the evidence or is merely conclusory. <u>Grebenick v. Chater</u>, 121 F.3d 1193, 1199 (8th Cir. 1997); <u>Thompson v. Bowen</u>, 850 F.2d 346, 349 (8th Cir. 1988).

The ALJ gave little weight to the opinion of Dr. Abrams, Plaintiff's treating physician, because he found it to be conclusory and inconsistent with Plaintiff's work activity after the alleged onset date. Tr. 511. The ALJ did not discredit Dr. Abrams's opinion and the ALJ's residual functional capacity (RFC) finding is in accordance with Dr. Abrams's, and other physician's, opinions. The RFC is consistent with Plaintiff's allegations at the hearing. Tr. 895, 896, 909, and with the expert medical witness opinion. Tr. 921. Thus, the Court finds no error in the ALJ's apportionment of weight to Dr. Abrams's opinion.

C. <u>Determination that Plaintiff could perform "Other" work</u>

Lastly, Plaintiff argues that the ALJ erred in finding that she could perform "other" work. <u>See</u> Pl.'s Br. at 27-29. Plaintiff's argument, in actuality, challenges the validity of the residual functional capacity assessment. The Court has found that the ALJ properly determined Plaintiff's RFC. <u>See</u> Section III(B), <u>supra</u>.

The ALJ obtained vocational expert (VE) witness testimony to assist him in determining whether Plaintiff could perform other work which existed in significant numbers in the national economy. Based on a hypothetical question including all the limitations the ALJ found credible,

the VE testified to jobs which existed in significant numbers in the national economy. The question was credible as it set forth impairments supported by substantial evidence in the record and as accepted by the ALJ. Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001). Because the hypothetical question posed included only the limitations the ALJ found credible, and excluded those the ALJ discredited for a legally sufficient reason, the Commissioner satisfied his burden of showing that Plaintiff could perform other work. See 20 C.F.R. §§ 404.1520, 416.920 (2004).

III.    Relief Ordered

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits is AFFIRMED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: November 7, 2005